# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RHONDA L. HUTTON, O.D. et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL BOARD OF EXAMINERS IN OPTOMETRY, INC. <br><br> Defendant. | Case no. 1:16-cv-03025-JKB |

## ORDER PERMITTING ISSUANCE OF NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' unopposed motion to permit issuance of class notice of the proposed class action settlement (ECF No. 44). The parties propose a settlement of this case, in accordance with a Settlement Agreement dated February 28, 2019 (the "Settlement Agreement"), which, together with the Exhibits thereto, sets forth the terms and conditions for a proposed settlement of this litigation and for a dismissal with prejudice upon the terms and conditions set forth therein.[1] Based on the filings submitted, the Court hereby GRANTS the pending motion and further orders as follows:

1. **Giving Notice of the Settlement to the Class is Justified**. Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the following Settlement Class for purposes of judgment on the Settlement because it meets all of the

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

requirements of Rule 23(a) and the requirements of Rule 23(b)(3):

> "All individuals who had their Personal Information[2] stored on NBEO's systems prior to or as of November 15, 2018."[3]

2. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

3. **Class Counsel.** The Court finds that Norman E. Siegel and J. Austin Moore and the firm Stueve Siegel Hanson LLP are experienced and adequate counsel who satisfy the requirements of Federal Rule of Civil Procedure 23(g) in this matter. Mr. Siegel and Mr. Moore are appointed as interim class counsel pursuant to Rule 23(g)(3), pending certification of the Settlement Class, for purposes of issuing notice to the class.

4. **Settlement Administrator.** The Court appoints Heffler Claims Group as the Settlement Administrator, with responsibility for class notice and claims administration.

5. **Notice.** The proposed notice program set forth in the Settlement Agreement and the declaration of Mark P. Rapazzini, Esq., of Heffler Claims Group, and the Notice and Claim Form attached to the Settlement Agreement as Exhibits 1 and 2, are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court.

The Court finds that the proposed form, content and method of giving notice to the

---

[2] "Personal Information" is defined in paragraph 25 of the Settlement Agreement as "an individual's name combined with his or her Social Security number."

[3] Excluded from the Settlement Class are: (i) NBEO, (ii) any entity in which NBEO has a controlling interest, (iii) NBEO's officers, directors, legal representatives, successors, subsidiaries, and assigns; (iv) any judge, justice, or judicial officer presiding over the Actions and the members of their immediate families and judicial staff; and (v) any individual who timely and validly opts-out from the Settlement Class.

2

class: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise class members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all class members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by class members.

The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement. Within 7 days after the Notice Deadline, the Settlement Administrator shall provide Class Counsel and NBEO's Counsel with one or more declarations confirming that notice was completed in accordance with the Parties' instructions and the Court's approval. Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with the motion for final approval of the Settlement.

6. **Exclusion from Class**. Any class member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude herself or himself from the Settlement Class to the Settlement Administrator at the address and in the manner provided in the Notice. Such requests for exclusions must meet the opt-out deadline established by this Order and stated in the Court-approved Notice.

7. **Class Action Fairness Act Notice**. Within 10 days after the filing of the

motion to permit issuance of notice, NBEO shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

8. **Final Approval Hearing**. A Final Approval Hearing shall be held on July 12, 2019, at 10:00 A.M. at the United States District Court for the District of Maryland at 101 West Lombard Street, Baltimore, Maryland 21201, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this case should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representatives for service awards should be approved.

9. **Objections and Appearances**. Any Settlement Class Member may appear and show cause why the proposed Settlement of this case should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why attorneys' fees and expenses should or should not be awarded to Class Counsel, or why a service awards should or should not be awarded to the Settlement Class Representatives; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has complied with the deadline established by this Order and the requirements for objections set forth in the Court-approved Notice. Any Settlement Class Member who does not make his or her

4

objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, or to the award of attorneys' fees and expenses or service awards, unless otherwise ordered by the Court.

10. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed by the Parties, if appropriate, without further notice to the Settlement Class.

11. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| EVENT | TIMING |
| --- | --- |
| Deadline for NBEO to disseminate CAFA notices | March 14, 2019 |
| Deadline for NBEO to provide the Settlement Administrator each Settlement Class Members' name, address, and e-mail information set forth in paragraph 34 of the Settlement Agreement | [3 days after order permitting issuance of notice] |
| Deadline for the Settlement Administrator to mail Court-approved Notice to Settlement Class | [21 days after order permitting issuance of notice] |
| Notice deadline | [30 days after order permitting issuance of notice] |
| Deadline to file Class Counsel's motion for attorneys' fees, costs, expenses and service awards | [21 days prior to final settlement approval hearing] |

| EVENT | TIMING |
| --- | --- |
| Deadline for Class Counsel to file motion for final approval of settlement and responses to any timely submitted Settlement Class Member objections | [21 days prior to final settlement approval hearing] |
| Objection deadline | [30 days after notice deadline] |
| Opt-out deadline | [30 days after notice deadline] |
| Claims deadline | [90 days after notice deadline] |
| Tail deadline (period during which Class Members can make claims for Out-of-Pocket Losses incurred after Claims Deadline if certain conditions are met) | [183 days after claims deadline] |
| Final approval hearing | [At least 120 days after order permitting issuance of notice] |

Dated: _March 6, 2019_     _/s/ James K. Bredar_
James K. Bredar
Chief District Judge